1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUNG HAN,

          Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC, et al.,

          Defendants.

CASE NO. C15-5702 BHS

ORDER GRANTING
DEFENDANTS NATIONSTAR
AND MERS' MOTION TO
DISMISS, GRANTING
DEFENDANT NORTHWEST
TRUSTEE'S MOTION TO
DISMISS, AND GRANTING
PLAINTIFF LEAVE TO AMEND

       This matter comes before the Court on Defendants Nationstar Mortgage LLC ("Nationstar") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss (Dkt. 10); and Defendant Northwest Trustee Services, Inc.'s ("Northwest") motion to dismiss (Dkt. 11).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions to dismiss and grants leave to amend for the reasons stated herein.

# I. PROCEDURAL HISTORY

On September 3, 2015, Plaintiff Sung Han ("Han") filed an amended complaint against Defendants Nationstar, MERS, Northwest, First American Trustee, and John Does 1–20 in Thurston County Superior Court.  Dkt. 1 at 7–13 ("Comp.").[1]  Han asserts the following claims: (1) injunction to prevent trustee sale; (2) violation of the Truth in Lending Act ("TILA"); (3) violation of the Real Estate Settlement Procedures Act ("RESPA"); (4) breach of fiduciary duty; (5) breach of implied covenant of good faith and fair dealing; and (6) unjust enrichment.  Comp. 6:10–7:16.  Han seeks damages and other "relief as the Court would deem just and equitable."  Comp. 7:18–20.  On September 29, 2015, the suit was removed to this Court.  Dkt. 1.

On October 6, 2015, Nationstar and MERS moved to dismiss.  Dkt. 10.  That same day, Northwest moved to dismiss.  Dkt. 11.  On October 26, 2015, Han responded.  Dkt. 13.  On October 29, 2015, Nationstar, MERS, and Northwest filed their respective replies.  Dkts. 14, 15.  On November 3, 2015, Han filed a surreply.  Dkt. 16.

# II. FACTUAL BACKGROUND

In May 2006, Han obtained a loan from Mortgage IT, Inc.  Comp. 2:28–3:1.  The loan was secured by a deed of trust on Han's property.  *Id.*  In February 2013, Han defaulted on his loan.  *See* Comp., Ex. A at 2.

---

[1] Han's complaint does not contain paragraph or page numbers.  When citing to Han's complaint, the Court will refer to the page numbers in the order they were filed with the Thurston County Superior Court, as well as the line numbers.

To avoid foreclosure, Han applied for a loan modification with Nationstar.  Comp. 3:4–5.  In March 2014, Han was referred to mediation with Nationstar.  Comp. 3:7–11.

On May 7, 2015, Northwest issued a Notice of Trustee's Sale, which set a trustee's sale for August 14, 2015.  Comp., Ex. A.  The Notice of Trustee's Sale estimated the reinstatement amount to be $37,496.63 as of May 7, 2015, and directed Han to contact Northwest for the exact reinstatement amount.  *Id.* at 2.

On August 18, 2015, Northwest provided Han with an updated reinstatement amount good through August 27, 2015.  Comp., Ex. B at 1.  The new amount was $41,813.11.  Comp. 5:13, Ex. B at 2.  Han was unable to obtain the funds needed for reinstatement.  Comp. 5:13–15.

On August 26, 2015, Han filed his initial complaint in Thurston County Superior Court.  Dkt. 4-1 at 5–10.  Han did not seek a temporary restraining order.  *Id.*  On August 28, 2015, Han's property was sold at a trustee's sale.  Dkt. 12, Ex. 1.

## III. DISCUSSION

Nationstar, MERS, and Northwest (collectively "Defendants") move to dismiss Han's claims against them under Federal Rule of Civil Procedure 12(b)(6).  Dkts. 10, 11.

**A.     Rule 12(b)(6)**

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to

1  dismiss, the complaint does not require detailed factual allegations but must provide the

2  grounds for entitlement to relief and not merely a "formulaic recitation" of the elements

3  of a cause of action. *Twombly*, 127 S. Ct. at 1965.  A plaintiff must allege "enough facts

4  to state a claim to relief that is plausible on its face." *Id.* at 1974.

5          Generally, the scope of review on a motion to dismiss is limited to the contents of

6  the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The Court

7  may consider documents submitted as part of the complaint without converting the

8  motion to dismiss into a motion for summary judgment. *Id.*  Han attached several

9  documents to his complaint, including the Notice of Trustee's Sale and a letter regarding

10 reinstatement from Northwest.  Comp., Exs. A, B.  The authenticity of these documents is

11 not contested.  The Court will consider these documents when reviewing the motions to

12 dismiss.  The Court may also take judicial notice of "matters of public record." *Lee*, 250

13 F.3d at 689.  The Court takes judicial notice of the trustee's deed, which is a matter of

14 public record.

15 **B.    Injunction to Prevent Trustee's Sale**

16         Han first seeks to restrain the sale of his property.  Comp. 6:10–17.  Han's

17 property was sold at a trustee's sale on August 28, 2015.  Dkt. 12, Ex. 1.  Because the

18 trustee's sale has already occurred, Han's claim for injunctive relief is moot. *See Olson*

19 *v. JPMorgan Chase Bank, N.A.*, C13-5681-RJB, 2014 WL 2712032, at *5 (W.D. Wash.

20 June 16, 2014) ("When there is no [trustee's] sale pending there is nothing to enjoin and

21 injunctive relief claims are moot.").  The Court dismisses this claim with prejudice.

22

**C.      Federal Law Claims**

**1.      Violation of Truth in Lending Act**

Han seeks damages for alleged violations of TILA.  Comp. 6:19–22, 7:18.  Under TILA, creditors must provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).  If a creditor fails to comply with TILA's requirements, the borrower may seek damages.  15 U.S.C. § 1640(a).  The statute of limitations for a TILA damages claim is one year.  *See id.* § 1640(e).  Generally, the limitations period begins to run from the date the loan documents are executed.  *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Han asserts that "Defendants by and through their actions have committed violation of the Truth in Lending Act . . . ."  Comp. 6:21–22.  Han does not allege any facts to support this conclusory statement.  Mere labels and conclusions are insufficient to state a claim for relief.  *Twombly*, 550 U.S. at 555.

Even assuming Han adequately stated a TILA damages claim, his claim would be barred by TILA's statute of limitations.  Han alleges he executed the loan documents in May 2006.  Han, however, did not file this suit until August 2015—more than nine years after the loan documents were executed.  Han does not argue that the alleged TILA violations took place after May 2006 or that he could not have discovered the violations within one year.  The Court therefore dismisses Han's TILA claim with prejudice.

1          2.      **Violation of Real Estate Settlement Procedures Act**

2          Next, Han alleges Defendants violated RESPA.  Comp. 6:21–22.  "Congress

3    enacted RESPA in 1974 in response to abusive practices that inflate the cost of real estate

4    transactions."  *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014)

5    (citing 12 U.S.C. § 2601(a)).  "RESPA requires advance disclosure of settlement costs,

6    the elimination of kickbacks or referrals fees, and a reduction of the amount that buyers

7    are required to place in escrow accounts for taxes and insurance."  *Bloom v. Martin*, 865

8    F. Supp. 1377, 1381 (N.D. Cal. 1994).

9          Han generally asserts "Defendants by and through their actions have committed

10   violation of the . . . Real Estate Settlement [Procedures] Act."  Comp. 6:21–22.  Han does

11   not specify which provision of RESPA was allegedly violated and by which Defendant.

12   Han also does not allege sufficient facts to support a RESPA claim.  Given the scant

13   allegations in Han's complaint, Han fails to state a RESPA claim.  The Court dismisses

14   this claim without prejudice.

15   **D.    State Law Claims**

16         Han also alleges state law claims for breach of fiduciary duty, breach of implied

17   covenant of good faith and fair dealing, and unjust enrichment.  Comp. 6:26–7:15.

18   Defendants argue Han waived these claims by failing to properly enjoin the trustee's sale.

19   Dkts. 10, 11.

20         The Washington Deed of Trust Act governs the procedures for nonjudicial

21   foreclosure sales.  *Vawter v. Quality Loan Serv. Corp.*, 707 F. Supp. 2d 1115, 1121

22   (W.D. Wash. 2010).  "The sole method to contest and enjoin a foreclosure sale is to file

1   an action to enjoin or restrain the sale in accordance with RCW 61.24.130." *CHD, Inc. v.*

2   *Boyles*, 138 Wn. App. 131, 137 (2007). A borrower who fails to comply with RCW

3   61.24.130 waives the right to contest the underlying debt and invalidate the trustee's sale.

4   *Plein v. Lackey*, 149 Wn.2d 214, 227 (2003); *CHD*, 138 Wn. App. at 139. Waiver occurs

5   where a party "(1) received notice of the right to enjoin the sale, (2) had actual or

6   constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to

7   bring an action to obtain a court order enjoining the sale." *Frizzell v. Murray*, 179 Wn.2d

8   301, 306–07 (2013). "The statutory notices of foreclosure and trustee's sale will usually

9   be sufficient." *CHD*, 138 Wn. App. at 137.

10      All three elements of waiver are present in this case. First, Han's complaint

11  acknowledges he received the Notice of Trustee's Sale and knew his property would be

12  sold. *See* Comp.4:19, 5:6–9. Indeed, Han attached the Notice of Trustee's Sale to his

13  complaint. Comp., Ex. A. Second, Han does not dispute that the Notice of Trustee's

14  Sale advised him of his defenses to foreclosure prior to sale. Although Han sought an

15  injunction to prevent the sale in the instant suit, Han did not seek an order to restrain the

16  sale in accordance with RCW 61.24.130. *See* Dkt. 4-1 at 5–10. "Simply bringing an

17  action to obtain a permanent injunction will not forestall a trustee's sale that occurs

18  before the end of the action is reached." *Plein*, 149 Wn.2d at 227. Because Han failed to

19  comply with RCW 61.24.130, the waiver doctrine applies.

20      Although the waiver doctrine applies, it is unclear whether Han's state law claims

21  fall within the scope of the waiver doctrine based on his complaint. As noted above, the

22  waiver doctrine bars claims that contest the underlying debt or seek to invalidate the

1    trustee's sale. *Plein*, 149 Wn.2d at 312. Here, the Court is unable to determine the nature

2    of Han's claims given the threadbare allegations in his complaint. Han merely recites

3    legal conclusions for each state law claim. For example, Han generally alleges there is an

4    implied duty of good faith and fair dealing in every contract, but does not identify any

5    contractual provision that was not performed. *See* Comp. 7:7–9. Han's complaint is too

6    conclusory for the Court to determine whether he is challenging the underlying debt and

7    trustee's sale. Because Han's breach of fiduciary duty, breach of implied covenant of

8    good faith and fair dealing, and unjust enrichment claims are insufficiently pled, the

9    Court dismisses these claims without prejudice. Although the Court grants Han leave to

10   amend, the Court notes that these claims are most likely waived if Han is challenging the

11   underlying debt and trustee's sale.

12   **E.     Leave to Amend**

13          Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P.

14   15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a

15   proper subject of relief, he ought to be afforded an opportunity to test his claim on the

16   merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a Rule 12(b)(6) motion, "a

17   district court should grant leave to amend even if no request to amend the pleading was

18   made, unless it determines that the pleading could not possibly be cured by the allegation

19   of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

20          The Court finds Han's injunctive relief and TILA claims cannot be cured by any

21   amendment. However, it appears possible that Han could cure the defects in his

22   remaining claims by providing more specific factual allegations. The Court therefore

1  grants Han leave to amend his RESPA, breach of fiduciary duty, breach of implied

2  covenant of good faith and fair dealing, and unjust enrichment claims.  In addition to

3  providing more factual allegations, Han should specify which claims he is asserting

4  against which Defendants.

5       In his surreply, Han asserts he is also alleging a misrepresentation claim under

6  RCW 61.24.127(1).  Dkt. 16 at 2.  The waiver doctrine does not bar a damages claim for

7  common law fraud or misrepresentation.  RCW 61.24.127(1).  However, a

8  misrepresentation claim is not clearly alleged in Han's complaint.  The Court will grant

9  Han leave to add a misrepresentation claim.

10                                **IV. ORDER**

11       Therefore, it is hereby **ORDERED** that Nationstar, MERS, and Northwest's

12  respective motions to dismiss (Dkts. 10, 11) are **GRANTED**.  Han is **GRANTED leave**

13  **to amend** his complaint as stated herein.  Han shall file an amended complaint no later

14  than December 18, 2015.

15       Dated this 1st day of December, 2015.

16

17                                    _____

                                      BENJAMIN H. SETTLE

18                                    United States District Judge

19

20

21

22